```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
RAHKEEM BROWN,                             :
                                           :
                    Petitioner,            :
                                           :           MEMORANDUM & ORDER
         -against-                         :           07-CV-0058 (DLI)
                                           :
R.K. WOODS, Superintendent,                :
Upstate Correctional Facility,             :
                                           :
                    Respondent.            :
----------------------------------------------------x
```
**DORA L. IRIZARRY, U.S. District Judge:**

On December 29, 2006, petitioner filed this petition, *pro se*, seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging a 2000 conviction in New York Supreme Court, Queens County. For the reasons set forth below, petitioner is directed to show cause why the petition should not be dismissed as time-barred.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (§ 2244 applies "to the general run of *habeas* cases . . . when those cases had been filed after the date of the Act").

A.  **Subsection A**

Petitioner's instant application for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 may be time-barred under the Act. Under 28 U.S.C. § 2244(d)(1)(A), in general, the one-year statute of limitations period runs from the date on which the state criminal judgment becomes final. 28 U.S.C. § 2244(d)(1). The judgment of conviction becomes final ninety days after the date the Court of Appeals denies leave to appeal. *Williams v. Artuz*, 237 F. 3d 147, 150-51 (2d Cir. 2001).

Petitioner was convicted on April 24, 2000. The Appellate Division, Second Department, affirmed the conviction on September 23, 2002. *People v. Brown*, 297 A.D.2d 748, 747 N.Y.S.2d 784 (2d Dept 2002). On December 4, 2002, the New York Court of Appeals denied petitioner leave to appeal. *People v. Brown*, 99 N.Y.2d 556 (2002). Thus, petitioner's judgment of conviction became final on or about March 4, 2003. Petitioner had one year or until March 4, 2004 to file this petition. *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998). The instant petition dated December 22, 2006 was filed three years, nine months and eighteen days after the statute of limitations period expired.

28 U.S.C. § 2244 (d)(2) provides for the one-year limitation period to be tolled while state post-conviction motions are pending. Petitioner alleges that he filed a motion pursuant to § 440.10(1)(g) on February 8, 2005 which was decided on October 6, 2005. (Petition at 4.) His leave

to appeal was denied on November 23, 2005. (*Id.*)

Petitioner is advised that § 2244(d) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remain undecided. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*) *cert. denied*, 531 U.S. 840 (2000). The post-conviction motion filed by petitioner on February 8, 2005 did not toll statute of limitations because it was filed after the one-year period had expired on March 4, 2004.

### B.     Subsection D[1]

Plaintiff asserts that his co-defendant, Eric Pope, recanted his trial testimony and affirmatively stated that he, not petitioner, was the killer. Pope prepared an affidavit to this effect on February 12, 2003. (Petition, Ex. A.) According to the affidavit, in February or March of 2002, when Pope and petitioner were at the same correctional facility, Pope wrote a letter to petitioner admitting that he had testified falsely against petitioner and would do what he could to help. In July 2002, Pope met with petitioner's attorney and informed her that he was the perpetrator. At her request, he prepared an affidavit.

To the extent that petitioner seeks to allege a basis for the application of the so-called newly discovered evidence provision of the AEDPA, 28 U.S.C. § 2244(d)(1)(D), the petition likewise appears to be time-barred. This section provides a petitioner with one year in which to seek federal habeas relief beginning "from the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." Assuming that petitioner could not have "discovered" this evidence – Pope's willingness to recant his identification and affirmatively state that petitioner was not the killer – until Pope wrote him a letter in 2002, this could be

---

[1]Petitioner does not allege a basis for the application of 28 U.S.C. § 2244 (a)(1)(B)or (C).

considered "newly discovered" evidence as of March 2002 for § 2244(d)(1)(D). *Pacheco v. Artuz*, 193 F. Supp. 2d 756, 761 (S.D.N.Y. 2002). The statute of limitations begins to run in such cases from the date the petitioner is "on notice of the facts which would support a claim, not . . . the date on which the petitioner has in his possession evidence to support his claim." *Ludicore v. New York State Div. of Parole*, No. 99 Civ. 2936(AJP), 1999 WL 566362, at *5 (S.D.N.Y. Aug. 3, 1999) (internal quotations omitted), *aff'd*, 209 F.3d 107 (2d Cir. 2000).

Plaintiff filed this action over four years after he "discovered" the new evidence, well beyond the one-year from the discovery of new evidence. Further, since petitioner waited more than a year to file the state post-conviction motion on February 8, 2005, the time during which that motion was pending does not toll the AEDPA statute of limitations.

## CONCLUSION

Petitioner is hereby directed to show cause, within sixty days from the date of this Order, why the statute of limitations should not bar the instant petition. *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred). No response to the petition shall be required at this time and all further proceedings shall be stayed for sixty days or until the petitioner has complied with this Order. Petitioner's affirmation shall include any facts which would support the statutory tolling of the one-year period as outlined in 28 U.S.C. § 2244 (d), including the dates of any other post-conviction motions he may have filed in state court.

The Court notes that the statute of limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d at 17 (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)); *see also*

*Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling). Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation.

If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred.

SO ORDERED.

DATED:     Brooklyn, New York
              February 16, 2007

                                    S/Doea L. Irizarry, USDJ
                                    DORA L. IRIZARRY
                                    United States District Judge